[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and for other relief brought to the Judicial District of New Haven at New Haven.
Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant whose maiden name was Maureen Gorry were married on October 8, 1987 at West Haven, Connecticut. The plaintiff has resided continuously in the state of Connecticut for at least 12 months immediately prior to the date of the filing of the complaint. The marriage between the parties have broken down irretrievably without any reasonable prospects of reconciliation. There is one minor child issue of the marriage Brent Jennett born August 28, 1988. No other minor children have been born to the defendant wife since the date of marriage to the parties and neither party is receiving state assistance.
The plaintiff is 53 years old. He has a high school diploma and has two years of college education. He majored in business in college. After dropping out of college he went to work doing CT Page 6861 floor covering labor and installation of floors. He has been employed in that capacity for the last 32 years. Approximately four years ago he commenced his own firm known as Jennett Tile.
The parties are also in dispute as to what the current income of the plaintiff. His financial affidavit shows gross weekly income of $340.00. That affidavit is based on his 1992 income tax return. The evidence and testimony regarding the current status of his business during the calendar year 1993 was not presented by the plaintiff. He has one employee working for him namely his 18 year old son to whom he pays a weekly salary of $500.00. The plaintiff testified that he was unable to locate his bank statements for the period of January to June 1993. Before starting his own business approximately 4 years ago the plaintiff was earning gross salary of $25,000.00 to $28,000.00 annually.
The court finds that the two major contractors for whom the plaintiff does subcontracting work are Ben Morris and Murphy Construction Company. He also does rererral [referral] work for individual customers. During the first six months of 1993 the plaintiff was paid $11,617.00 by Ben Morris for labor. He was also paid approximately $4,000.00 for labor by Murphy Construction Company. In addition he received approximately $3,600.00 for labor for work performed for individual customers on a Milford job. The evidence as to the plaintiff's overhead and other expenses or this period of time was not presented. The court finds that for the purposes of determining the child support guidelines and for the purposes of determining the issue of alimony that the current income of the plaintiff is a gross of $500.00 per week and a net of $400.00 per week.
This is the third marriage for the plaintiff. He has four children from his first marriage all of whom are over the age of 18. He has one child from his second marriage who is now 18. The plaintiff had been paying support for that child in the amount of $100.00 weekly until September of 1992.
A prior home that the plaintiff had owned with his second wife was sold and he received approximately $72,000.00 from that sale in 1990. Any capital gains tax that may be due on that sale has not been paid by the plaintiff. While the plaintiff's financial affidavit shows that savings in the amount of $17,000.00 is being held to cover the capital gains tax insufficient evidence was presented by the plaintiff to prove CT Page 6862 that in fact any capital gains tax is owed from that sale. Part of the $72,000.00 received by the plaintiff was used as follows:
1. The payment of approximately $8,000.00 to pay off credit card liabilities that the defendant had incurred prior to the marriage.
2. The payment of approximately $4,000.00 of bills that the defendant incurred, approximately $900.00 — $1,000.00 of which were incurred by the defendant individually and the balance of $4,000.00 for medical bills for her children from a prior marriage.
3. Approximately $3,500.00 for the purchase of automobile for the defendant. The defendant still has that automobile.
4. Approximately $5,000.00 for a van purchase by the plaintiff.
5. The plaintiff also spent money for renovations on the family home presently owned in the approximate amount of $15,000.00. Insufficient evidence was presented as to how the balance of the $72,000.00 was spent.
On or about October 1987 the plaintiff and the defendant's parents purchased a two-family home located at 19-21 Court Street, West Haven, Connecticut for $159,990.00. An undivided one-half interest in that property was transferred to the plaintiff and undivided one-half interest in the property was transferred to the defendant's parents. The title still remains in the plaintiff's name and in the defendant's parents name. On October 6, 1987 the plaintiff entered into an agreement with the defendant's parent's which agreement has been marked as plaintiff's exhibit 3. Under the terms of that agreement the plaintiff contributed $13,000.00 towards the purchase of the family home and her parents contributed $24,000.00. The defendant did not contribute any money towards the purchase of the family home. The agreement provided for the plaintiff to have the right of possession of the premises with it being understood that the premises would be used as a home for the plaintiff and the defendant. The plaintiff and the defendant's parents further agreed to execute a note and mortgage at the closing for the balance of the purchase price. Under the terms of the agreement the plaintiff was to be responsible for paying expenses and costs relating to the premises including principal, CT Page 6863 interest, repair, maintenance insurance and taxes. The home was to be sold five years from the date of the agreement with the first $24,000.00 from the net proceeds of the sale to be paid to the defendant's parents and the next $13,000.00 to be paid to the plaintiff. Any remaining net profits were to be divided equally between the plaintiff and the defendant's parents. This court is not making any findings at this time as to whether the plaintiff has or has not complied with all the terms of that agreement since the defendant's parents are not parties to this action. The family residence is a two-family residence. The plaintiff and the defendant as well as their minor child have lived in the second floor of that residence until an order was entered on July 1, 1992 requiring the plaintiff to vacate the family residence. The defendant and the minor child have continued to reside there. The property was in need of extensive repairs after its purchase. The repair work included the gutting of both floors, rewiring and plumbing. The work continued by the plaintiff after the parties moved in which was approximately 5 — 6 months after the purchase. The work continued for a few years after the parties moved in. The plaintiff paid approximately $15,000.00 as a rough estimate for materials for the repairs. There is presently a tenant who pays $850.00 per month rental. The monthly payment on the mortgage for principal, interest, taxes on insurance is approximately $1650.00 with the defendant paying the deficiency of approximately $800.00 monthly. The defendant's parents would like to see her to continue to reside at that premises with the minor child from this marriage as well as with two of her children from a prior marriage.
The parties are in dispute of the present fair market value of that premises. The plaintiff testified that its fair market value is $200,000.00. From the evidence presented the court finds that the fair market value of the premises is $135,000.00. The plaintiff stopped making payments of the mortgage approximately a year and a half ago when the restraining order was entered.
The parties are in dispute of the cause of the breakdown of the marriage. From the evidence presented the court finds that each party is equally at fault for the cause of the breakdown.
The parties are also in dispute as to the amount of support that the plaintiff should be paying to the defendant under the child support guidelines. The child support guideline worksheet submitted by the defendant indicates that the support obligation CT Page 6864 of the plaintiff would be $192.00 per week. The child support work sheet presented by the plaintiff indicates that the child support guideline amount would be $42.00 per week. This court finds that the gross weekly income of the plaintiff is $500.00 and his net weekly income is $400.00. The court further finds that the child support guideline amount is $104.00 per week. In determining that amount the court has taken into consideration the defendant's current net weekly wage as shown on her financial affidavit of July 8, 1993 in the amount of $323.00 per week and her $35.00 weekly day care cost together with the fact that during the prior 13 week period she worked approximately 3 times on Saturday earning $40.00 on each Saturday doing house cleaning.
The plaintiff's financial affidavit of July 8, 1993 shows a liability to the IRS for the calendar year of 1992 in the amount of $3,000.00 and a weekly payment of $90.00. That liability arises for the tax period ending December 31, 1992. His financial affidavit also shows an IRS liability for the calendar year of 1990 in the amount of $40,000.00. That is the claimed liability arising out of the sale of the marital residence from his second marriage. His affidavit also shows disputed medical bills of $65,000.00. That arises out of a hospitalization on or about January 4, 1993 when he had pneumonia and there is ongoing dispute with his health insurance company regarding coverage for those bills. His affidavit under income shows a deduction of $125.00 per week for health insurance. That is the cost of health insurance for the plaintiff that provides coverage for the plaintiff only. The plaintiff has not filed his income tax return for the calendar year 1990. The plaintiff's financial affidavit shows the contents of the marital home having a value of $25,000.00. The defendant's financial affidavit shows the value of household furniture and furnishings as $5,000.00. From the evidence presented the court finds that the value of the household furniture and furnishings is $5,000.00. The plaintiff's current financial affidavit shows bank accounts for capital gains tax in the amount of $17,000.00. The plaintiff's financial affidavit also shows that he has a cash surrender value in the amount of $1,700.00 in a life insurance policy in the face amount of $5,000.00. His affidavit shows a $5.00 weekly premium for life insurance.
The defendant has medical insurance that covers both her and the minor child. The court finds that her gross weekly income is $440.00 and her net weekly income is $323.00. Her weekly expenses shows medical/dental expenses in the amount of $37.00 CT Page 6865 weekly. That is the amount that she is paying on her current doctor liability bills. During the past four months she has had approximately $100.00 in medical expenses that were not covered by her health plan plus 20% of her dental expenses have not been covered by her health plan. Her financial affidavit shows a liability to Dr. Richard with a balance of $350.00 that is for dental expenses. Her affidavit also shows liability to Yale-New Haven Hospital of $800.00, Anna Garcia of $650.00 and Dr. D'Onofrio of $1,300.00. She is currently treating with a doctor for stress and is paying $10.00 per visit which represents the amount not covered by her health insurance. The defendant is 43 years old. Physically she is in good health. She is suffering from nerves due to stress. She finished 10th grade of high school. She was employed after high school for approximately 8 years at Grand Light Supply in the credit department which employment included contacting customers regarding unpaid bills and doing some work on receivables. She continued working until approximately two weeks after the minor child Brent Jennett was born. She then did not work for approximately 1 year following which she returned to work. When the parties first married she was earning a gross of $250.00 per week. The defendant earned approximately $19,000.00 gross at Grand Light in 1991 and also approximately $19,000.00 gross in 1992. She left Grand Light to become employed at Spear Newman, her current employer in January of 1993. Her parents are currently helping her out regarding her weekly expenses. The defendant's financial affidavit shows a 1986 Ford which the court finds has a value of $2,500.00. She also has a checking account at People's Bank with a balance of $40.00. She has a retirement plan through Grand Light with a current value of $2,500.00.
The parties are in agreement that an order of joint custody of the minor child should be entered with the defendant having physical custody and the plaintiff having rights of reasonable and liberal visitation. They also agree that support should be entered in accordance with the child support guidelines but differ as to what that amount should be. The defendant seeks alimony in the amount of $1.00 per year which the plaintiff does not agree to. The parties are also in disagreement as to the disposition of the property located at 19 Court Street, West Haven, Connecticut.
This court has considered and weighed the factors set forth in Conn. Gen. Stat. 46b-81(c) in determining the issues of assignment of property and has considered and weighed the factors CT Page 6866 set forth 46b-82 in considering alimony. This court has also considered 46b-56 and 46b-56a in determining the issues of custody including joint custody and visitation. This court has also considered the child support guidelines and all applicable statutes in determining the issue of support. This court has further considered and weighed the factors set forth in 46b-62
in determining whether to grant attorney's fees.
ORDER
The court hereby enters the following orders:
A. Dissolution
1. The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared as single and unmarried.
B. Custody and Visitation
1. The parties shall share joint legal custody of the minor child subject to the following terms:
a. The primary place of residence of the minor child shall be with the defendant.
b. The plaintiff shall have rights of reasonable and liberal visitation.
C. Support
1. The plaintiff is ordered to pay to the defendant as support the sum of $104.00 per week.
2. The defendant is to provide health insurance for the benefit of the minor child as is available through her place of employment. The parties are to divide equally any uncovered or unreimbursed medical, dental, psychiatric and orthodontic expenses. The provisions of 46b-84c are applicable.
D. By Way of Assignment of Property
1. The court orders that all the right, title and interest of the plaintiff in the family residence as recorded in volume 814 p. 437 located at 19 Court Street, West Haven, Connecticut is CT Page 6867 hereby assigned to the defendant in accordance to the provisions of 46b-81(a). The defendant is to pay the first mortgage and hold the plaintiff harmless therefrom. The property is to be sold at the earlies [earliest] of the following events:
a. death of the defendant;
b. remarriage of the defendant;
c. the marital residence no longer being the principal residence of the defendant and minor child;
d. the minor child reaching age 18;
3. The court further orders that upon the earliest of the events referred to in paragraph 2. above that the family residence be sold and the net proceeds (gross sales price less mortgage balance less normal and customary attorneys fees less real estate commission and all other usual adjustments such as for real estate taxes and insurance) be divided as follows:
a. The plaintiff's inlaws are first to be paid the amount they are entitled to receive under plaintiff's exhibit 3. The amount indicated in Exhibit 3 is $24,000.00. However, since the plaintiff's inlaws are not parties to the present action this court is not making a finding that is binding upon persons who are not parties to this action. The next $13,000.00 is to be paid to the plaintiff. Thereafter the defendant's parents are to receive one-half of all remaining net profits and the remaining one-half is to be divided equally between the plaintiff and the defendant. The recording of this judgment on the land records will show the interest that the plaintiff has in the family residence.
4. All tools and equipment at the family residence that are used by the plaintiff in his business are awarded to the plaintiff. He is to remove those tools within 30 days from today's date. Those tools have a value of $5,000.00.
5. The plaintiff is in agreement that he should name the minor child as beneficiary under his IDS life insurance policy in the face amount of $5,000.00 and the court so orders. He is to provide proof that the child is named as beneficiary in writing to the defendant on September 1, 1993 and annually on September 1, thereafter. This obligation is to continue until the minor CT Page 6868 child reaches age 18. The plaintiff is ordered not to encumber the face amount of the life insurance policy.
6. The plaintiff is to hold the defendant harmless from all liabilities shown on his financial affidavit.
7. The defendant is to hold the plaintiff harmless from all liabilities shown on her financial affidavit.
8. The 1986 Ford Van shown on the plaintiff's financial affidavit which the court finds has a current value of $3,200.00 is awarded to the plaintiff.
9. The 1986 Ford Mustang shown on the defendant's financial affidavit is awarded to the defendant.
10. The contents of the marital home including household furniture and fixtures are awarded to the defendant.
11. The retirement plan that the defendant has through Grand Light is awarded solely to the defendant.
12. The plaintiff is to hold the defendant harmless for all taxes due from the sale of the residence that he owned during his second marriage.
E. Alimony
1. No alimony is awarded in favor of either party.
F. By Way of Attorneys' Fees
1. The court orders that the plaintiff pay to the defendant as attorney's fees the sum of $1,500.00 by August 30, 1993.
Sidney Axelrod, Judge